IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HELEN CROCKETT, | ) | 4:07CV3014 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SAINT ELIZABETH REGIONAL | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss this action because of the plaintiff's failure to comply with the 90-day filing requirement of the Age Discrimination in Employment Act (ADEA). See 29 U.S.C. § 626(e) ("A civil action may be brought under this section . . . within 90 days after the date of the receipt of such notice [of dismissal or termination of administrative proceedings]"). The motion will be granted and final judgment will be entered dismissing the action with prejudice.

It is undisputed that the Equal Employment Opportunity Commission (EEOC) issued the plaintiff a right-to-sue letter on September 12, 2006, and that the plaintiff did not file suit until 101 days later, on December 22, 2006.[1] Although the date that the plaintiff actually received the right-to-sue letter has not been alleged, it may be presumed that the letter was mailed on the date of its issuance by the EEOC and was received by the plaintiff less than 11 days after its mailing. See Walton v. U.S. Dept. of Agriculture, No. 4:02CV00163, 2007 WL 1246845, *8 (E.D. Mo. Apr. 30, 2007) (recognizing presumption that EEOC right-to-sue letter has been received within 5 days of mailing) (citing Barnes v. Riverside Seat Co., 46 Fed. Appx. 384, 385 (8th

---

[1] The action was originally filed in the District Court of Lancaster County, Nebraska, but was removed to federal court on January 17, 2007.

Cir. 2002); Tran v. Minnesota Dept. of Transp., Civil No. 06-108, 2006 WL 2917037, *2 (D. Minn. Oct. 11, 2006) (stating that when the date of receipt of the right-to-sue letter is unknown, the court presumes the notice was received 3 days after mailing) (citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n. 1 (1984) (per curiam), and Fed. R. Civ. P. 6(e)); Waugh v. Potter, No. 4:06-cv-00827, 2006 WL 2990499, *1 & n. 1 (E.D. Mo. Oct. 19, 2006) (applying 3-day mailing rule in a Title VII case despite amendment of Rule 6(e) since the Baldwin decision). Because the plaintiff has given no indication that she can amend her complaint to allege a later date of receipt of the right-to-sue letter,[2] or to allege a sufficient factual basis for equitable tolling of the 90-day limitations period,[3] I conclude that the action must be dismissed.

Accordingly,

---

[2] Indeed, the plaintiff admits in her brief that she "can not say when she received" the right-to-sue letter. (Filing 15, at 3.)

[3] The plaintiff merely advances two legal arguments, neither of which has any merit. First, she argues that the defendant effectively waived the 90-day filing requirement when it removed the action from state court based on federal question jurisdiction. In making this argument, the plaintiff seemingly is contending that compliance with the 90-day filing requirement is a jurisdictional prerequisite, which clearly is not the case. See Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) (comparable 90-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not jurisdictional). The argument also ignores the well-established rule that a lack of subject matter jurisdiction cannot be waived by the defendant in any event. See Sadler v. Green Tree Servicing, LLC, 466 F.3d 623, 625 (8th Cir. 2006). Second, the plaintiff argues that the action is timely because it was "commenced within two years after the cause of action accrued," as provided in 29 U.S.C. § 255(a) of the Fair Labor Standards Act (FLSA). Suffice it to say that the same argument was considered and rejected by the Court of Appeals in Littell v. Aid Ass'n for Lutherans 62 F.3d 257, 258-59 (8th Cir. 1995) (holding that amendment of § 626(e) by the Civil Rights Act of 1991, to delete the reference § 255, effectively eliminated the two-year statute of limitations period for ADEA claims).

IT IS ORDERED that Defendant's motion to dismiss (filing 10) is granted, and that final judgment shall be entered by separate document.

May 4, 2007.                BY THE COURT:

                            s/ *Richard G. Kopf*
                            United States District Judge